Battle, J.
 

 Had the agreement, mentioned in the pleadings, been executed by all the children of Philip Ohurch, senior, or by all of them who had any further claims upon his bounty, and had provided for an equal division of his property among them with his consent, a very interesting question would have been presented, whether the Court of Equity would not have sustained it against any one of them, who should subsequently have obtained a conveyance from the father, inconsistent with it. It seems to be settled, that if two expectant devisees, or legatees, agree to divide equally, whatever devises or legacies they may take under the will of a particular devisor or testator, the argreement of one shall be regarded as a valuable consideration for that of the other, and the contract will be enforced in equity. Can the case, first supposed, be distinguished in principle from the second ? If so, can it, nevertheless, be sustained upon the ground of being a fair family arrangement ? These are interesting eu- ■ quiries, into which we will not enter, as we think the facts of the present case do not fairly present them. The instrument, by which the agreement of the parties is testified, purports to be executed by the “ heirs” of Philip Church, and provides for making an inventory and for a division of his property, real and personal, or of the proceeds thereof arising from the sale, the division to be made, “ as we, the undersigned may hereafter agree on.” The persons who signed the instrument, and who are, therefore, “ the undersigned,” are the defendant, who is a son, and some of the husbands of the daughters of Philip Ohurch; and the instrument concludes, “we, the undersigned heirs, being present for this cause and intent, the day and date above written.” It is manifest; upon the slightest inspection, that the instrument is open to the criticism of being very vague and indefinite as to when, how, and in what proportions the property, or its proceeds, were to be divided between “ the undersigned.” But waiving any objec
 
 *422
 
 tion of that kind, there is no mutuality in the contract, so far, at least, as it relates to the land ; about which alone, the bill seeks relief. The undersigned husbands have a very limited interest in the land, compared to that of their wives, who are not parlies to the instrument at all. Not being parties, the femes are not bound by the agreement made by their husbands, touching their real estate, and hence, there cannot be any mutuality between the defendant and the other parties to the arrangement. He could not obtain from them an equal division of the lauds by virtue of their contract, and on that account, a court of equity ought not to enforce a specific performance, against him, but ought to leave them to whatever remedy the law would give them for the breach of the contract by him.
 

 The bill must be dismissed with costs.
 

 Per Curiam, Bill dismissed.